October 30, 2019

Mr. Isaac Lefkowitz
Perigrove
7 World Trade Center
New York, New York 10007

### Re: Former Novartis Site – Old Mill Road – Suffern, NY

Dear Mr. Lefkowitz:

This will confirm our agreement between Perigrove, hereinafter referred to as "Owner" and CBRE, Inc., licensed real estate broker, with offices at 250 Pehle Avenue – Suite 600, Saddle Brook, New Jersey 07663, hereinafter referred to as "Broker", that Broker shall be the Owner's sole broker with the exclusive right to lease or sell the captioned property (the "Property") for a term of twelve (12) months from the date both parties execute this agreement.

Broker shall, at its sole cost, have the exclusive right to erect a suitable sign at the Property and all inquiries with respect to the lease of the Property made during the term of this agreement shall be referred by Owner to Broker.

If and when a sale is executed, Owner agrees to pay to Broker a commission of two percent (2%) of the total sale price. The commission shall be earned, due and payable upon transfer of title. In the event title does not pass for any reason other than Owner's willful default, than no commissions shall be due as herein above provided.

If and when a lease is executed, Owner agrees to pay to Broker a commission in an amount equal to five percent (5%) of the net aggregate rentals involved in the transaction. The commission shall be earned, due and payable upon execution of a written lease.

In the event the tenant or any of its affiliates, subtenants, nominees or assigns (a) extends its lease, either through a lease renewal or by separate agreement; or (b) takes additional space at the subject location; or (c) leases other existing space or (d) renews or otherwise extends any of the foregoing, then and in that event, Owner shall pay, and Broker shall receive, additional commissions in the amount of five percent (5%) of the net aggregate rentals involved in any such transaction, which commission shall be earned, due and payable upon the occurrence of the subject transaction.

In the event that tenant purchases the Property during the term of its lease, or any renewal or extension thereof, then, and in that event, Landlord shall pay and Broker shall receive additional commission of two percent (2%) of the purchase price , less any commissions previously paid by Owner for any unexpired portion of a lease. The commission shall be earned, due and payable upon transfer of title.

Broker agrees to cooperate with all interested licensed real estate brokerage firms and in the event a sale or lease is consummated through a cooperating broker, working with or through Broker, then and in that event, the commission shall be shared on a mutually agreeable basis between Broker and such cooperating broker.



1

Owner has had and continues to have active negotiations with C+A Global of Edison, New Jersey, any agreement executed with C+A Global is excluded from this commission agreement.

After expiration or termination of this agreement, Owner shall pay Broker a commission in accordance with this agreement if, the Property is sold or leased to, or Owner enters into a contract of sale or lease of the Property with, or negotiations continue, resume or commence and thereafter continue leading to a sale of the Property to any person or entity (including his/her/its successors, assigns or affiliates) with whom Broker has negotiated (either directly or through another broker or agent) or to whom the Property has been submitted prior to the expiration or termination of the term.  Broker is authorized to continue negotiations with such persons or entities.  Broker agrees to submit a list of such persons or entities to Owner no later than fifteen (15) calendar days following the expiration or termination of the term, provided, however, that if a written offer has been submitted then it shall not be necessary to include the offeror's name on the list.

In the event of a transfer of ownership of the Property, Owner shall cause the transferee to assume any obligations which are due, or which may become due, under this agreement.  Upon such written assumption (with a copy to Broker), Owner shall be released from any remaining obligations under this agreement.

Owner represents that it is the owner of the Property and that this agreement shall be binding upon all its successors, assigns and subsequent owners of the Property.

Owner agrees to promptly furnish Broker with a true copy of all agreements for sale or lease regarding the Property.

Owner acknowledges that Broker is not obligated to and has made no independent investigation of the physical conditions of the Property including, but not limited to, the condition of all structures (exterior and interior) on the Property, the electrical and mechanical systems thereof, the fixtures, personal property and equipment therein, or of any environmental matters with respect thereto, or of hazardous substances thereon, if any (collectively, the "Physical Conditions").  All documents and materials, investigations, reports and information with respect to the Physical Conditions shall be prepared by or for Owner and shall be furnished to prospective purchasers on Owner's behalf, and Owner shall be solely responsible for same.  Owner shall disclose to Broker and to prospective purchasers any and all information which we have regarding present and future zoning and environmental matters affecting the Property and regarding the condition of the Property, and authorize Broker to disclose any such information to prospective purchasers.  Owner shall indemnify and hold Broker harmless from and against all claims, costs, liabilities, settlements, and judgments (collectively "claims"), and all costs of defense against such claims (including reasonable attorneys' fees and disbursements), suffered or incurred by us which arise out of or relate to the Physical Conditions, Owner's title, and/or the marketability thereof.

Owner acknowledges that Broker is a national brokerage firm and that in some cases it may represent prospective purchasers and tenants.  Owner desires that the Property be presented to such persons or entities and consents to the dual representation created thereby.  Broker shall not disclose the confidential information of one principal to the other.

2

Owner shall have the right to terminate this Agreement for any reason with thirty (30) days prior written notice to Broker beginning on the date that is nine (9) months after the date this Agreement is executed and exchanged.

In the event of any dispute between Owner and Broker relating to this agreement, the Property or Owner or Broker's performance hereunder, Owner and Broker agree that such dispute shall be resolved by means of binding arbitration in accordance with the commercial arbitration rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court of competent jurisdiction. Depositions may be taken and other discovery obtained during such arbitration proceedings to the same extent as authorized in civil judicial proceedings in the state where the office of Broker executing this agreement is located. The arbitrator(s) shall be limited to awarding compensatory damages and shall have no authority to award punitive, exemplary or similar type damages. The prevailing party in the arbitration proceeding shall be entitled to recover its expenses, including the costs of the arbitration proceeding, and reasonable attorney's fees.

This agreement shall be governed by the substantive laws of New York, and constitutes the entire agreement between the parties, which cannot be changed, except in writing. Further, this agreement shall be binding upon the parties hereto, their heirs, successors, successors in title and assigns.

IN WITNESS THEREOF, the parties hereto have set their hands and seals, or caused present to be signed by their proper corporate officers, the day and year first above written.

Owner represents that it has received a duly executed copy of this agreement.

| AGREED AND ACCEPTED this | AGREED AND ACCEPTED this |
|---|---|
| _____ day of _____, 2019 | _1st_ day of _November_, 2019 |
| **CBRE, INC.** | **Perigrove** |
| By: _____<br>Name:<br>Title: | By: _____<br>Name: Isaac [signature]<br>Title: |

3