**EXECUTION VERSION**

## SECOND AMENDMENT TO
## PURCHASE AND SALE AGREEMENT

This Second Amendment to Purchase and Sale Agreement (this "Amendment") is made and entered into effective as of the 15th day of December, 2020 ("Second Amendment Effective Date") by and between SUFFERN PARTNERS LLC a New York limited liability company ("Seller"), and TT HOLDER ENTITY LLC, a New Jersey limited liability company (mis-named in the Agreement as "IT") ("Buyer").

### W I T N E S S E T H :

WHEREAS, Seller and Buyer heretofore entered into that certain Purchase and Sale Agreement dated March 9, 2020, pursuant to the terms of which Seller agreed to sell and Buyer agreed to buy the real property known as (i) 25 Old Mill Road, Suffern, New York 10901 (Section: 55.22, Block 1, Lot 1), (ii) 19 Hemion Road, Montebello, New York 10901 (Section: 55.6, Block 1, Lot 1) and (iii) Route 59, Suffern, New York 10901 (Section: 55.37, Block 1, Lot 31) each located in Rockland County, New York as more particularly described therein and that certain First Amendment to Purchase and Sale Agreement dated as of July 21, 2020 (collectively, the "Agreement"); and

WHEREAS, Seller and Buyer now desire to amend the Agreement as more particularly described below.

NOW, THEREFORE, for and in consideration of the premises, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Seller and Buyer hereby agree as follows:

### A G R E E M E N T S:

1.  All terms which are defined in the Agreement shall have the same meanings when used herein, unless specifically provided herein to the contrary.

2.  Seller and Buyer hereby agree that Section 1.4 of the Agreement is hereby amended in its entirety to read as follows:

    1.4    **Closing**.  The Closing for the sale of the Property pursuant to the terms of this Agreement shall take place in escrow with the Title Company (as hereafter defined) or as otherwise mutually agreed at or before 5:00 P.M. EDT August 27, 2020 (the "Closing Date").  In the event that Seller is not able to satisfy the conditions set forth in Section 3.1 (c) and (d) or Section 6.8 (the "Title Litigation Condition") or is unable to arrange for the Assumed Financing (as hereafter defined) (collectively, the Closing Contingencies") as of the Closing Date, the Closing Date shall be extended for a period until Seller is able to satisfy the Closing Contingencies.  Notwithstanding the foregoing,  if Seller is unable to satisfy the Closing Contingencies within six (6) months of the Amendment Effective Date (the "Closing Contingencies Deadline"), then Buyer can either (a) terminate the Agreement on notice to Seller, in which event the Deposit shall be returned to Buyer and the Agreement shall be null and void except for those

175047/004 - 7259997.3
*ACTIVE 53973261v4*

provisions which, by their terms, survive termination of the Agreement, or (b) extend the Closing Contingencies Deadline for up to four (4) additional six (6) month periods on notice to Seller on or prior to the then Closing Contingencies Deadline. At each such Closing Contingencies Deadline, Buyer shall have the option to terminate as aforesaid and obtain the return of the Deposit or extend same, up to the maximum number of extensions set forth above. Buyer's failure to deliver an extension notice as set forth herein shall be deemed an election by it to extend the Closing Contingencies Deadline for the following six-month period. The Closing hereunder shall take place within thirty (30) days of notice to Buyer of the satisfaction (or Buyer's waiver) of the Closing Contingencies. In the event that Buyer elects not to proceed with the Assumed Financing, upon written request from Buyer, Seller shall cooperate, at no cost to Seller, in good faith, with Buyer in connection with obtaining an assignment of the existing mortgage to Buyer's mortgagee. Buyer shall pay any and all assignment fees or charges of Seller's mortgagee and Buyer's mortgagee, if any, in connection with such assignment and any other costs or expenses incurred by Seller in connection therewith.

3.    A new Section 2.3 is hereby added to the Agreement as follows:

**Section 2.3 Intrusive Testing.**

Notwithstanding the provisions of the next to last sentence of Section 2.1, Buyer is hereby granted the right to conduct invasive testing of the Property subject to all of the other conditions set forth in Section 2.2 and subject to the following additional conditions:

**(a)** Such testing has been recommended by Buyer's environmental consultant; and

**(b)** Under no circumstances shall the Buyer be entitled to terminate the Agreement based on the findings of any such testing. Buyer hereby confirms that the Due Diligence Period has expired.

4.    This Amendment may be executed in separate counterparts, each of which shall be an original and all of which when taken together shall constitute one and the same instrument. Further, this Amendment may be executed by facsimile or by portable document format (.pdf) signature, such that execution of this Amendment by facsimile or by portable document format (.pdf) signature shall be deemed effective for all purposes as though this Amendment was executed as a "blue ink" original.

5.    The Agreement, as amended hereby, shall be and remain in full force and effect and is hereby ratified and confirmed by Seller and Buyer. To the extent any of the terms and provisions of the Agreement are inconsistent with the terms and provisions of this Amendment, the terms and provisions of this Amendment shall govern and control.

6.    Neither this Amendment nor any provision hereof may be waived, modified, amended, discharged or terminated except by an instrument in writing signed by the party against which the enforcement of such waiver, modification, amendment,

*ACTIVE 53973261v4*

discharge or termination is sought, and then only to the extent set forth in such instrument.

[BALANCE OF PAGE INTENTIONALLY BLANK]

ACTIVE 53973261v4

IN WITNESS WHEREOF, Seller and Buyer have executed this Amendment to be effective as of the date set forth above.

SELLER:

SUFFERN PARTNERS LLC

By:     GOLDMANRX, INC.


By:_____
Name:  Isaac Lefkowitz
Title:    President



TT HOLDER ENTITY LLC



By:_____
Name:
Title:

Signature Page to First Amendment to Purchase and Sale Agreement
*ACTIVE 53973261v4*