# **<u>EXHIBIT A</u>**

SUPREME COURT: STATE OF NEW YORK
COUNTY OF ROCKLAND

----------------------------------X   To commence the statutory time period
                                      for appeals as of right (CPLR
RS OLD MILLS RD, LLC,                 5513[a]), you are advised to serve a
                                      copy of this order, with notice of
                    Plaintiff,        entry, upon all parties.

         -against-                    **DECISION & ORDER**

                                      Index No: 031809/2020 E
SUFFERN PARTNERS, LLC,

                    Defendant.
----------------------------------X

HON. ROLF M. THORSEN, A.J.S.C.

         The within action arises out of a complicated series of real
estate transactions pertaining to the purchase of several
properties and the improvements thereon (hereinafter "the Novartis
properties"), which took place in September 2017. Currently pending
before this court is Defendant Suffern Partners, LLC's (hereinafter
"Suffern Partners" or "Defendant") order to show cause seeking
cancellation of the Notices of Pendency filed by Plaintiff against
the Novartis properties, or in the alternative, dismissal of the
Complaint. The Court has considered the following papers on the
motions:

   1. Order to Show Cause, Lefkowitz Affirmation of Emergency,
      Affirmation in Support and Exhibits 1 through 31 attached
      thereto, and Memorandum of Law;
   2. Attorney Affirmation in Opposition and Exhibits 1 through
      15 attached thereto;
   3. Reply Affirmation;
   4. Miscellaneous correspondence; and
   5. Transcript of the Oral Argument on May 19, 2020.

         In order to provide context to the within proceeding, this
Court sets forth a brief synopsis in the most simplest of terms.[1]
On September 1, 2017, a Bargain and Sale Deed was executed

---

[1] For a more comprehensive recitation of the facts, this Court refers to
the Opinion and Order of the Honorable Vincent L. Briccetti, United States
District Judge for the United States District Court of the Southern District
of New York (hereinafter "the District Court") dated May 8, 2020 (NYSCEF Doc.
No. 65), specifically the section labeled "Background," for the underlying
facts regarding the series of transactions that took place with respect to the
purchase of the Novartis properties.

transferring the Novartis properties from Novartis Corporation to non-party RS Old Mills, LLC. Thereafter, on September 5, 2017, two Bargain and Sale Deeds were executed: one transferring the Novartis properties from non-party RS Old Mills, LLC to Plaintiff and the second transferring the Novartis properties from Plaintiff to Suffern Partners. All three Bargain and Sale Deeds were recorded in the Rockland County Clerk's Office on September 14, 2017. Apparently, in order for non-party RS Old Mills, LLC, who had filed for bankruptcy protection in February 2017, to not forfeit its $2.5 million downpayment and due to its inability to obtain funding as a debtor in bankruptcy, the above multi-transfer plan was formulated.[2] The plan involved the creation of several limited liability companies, including Plaintiff, which was formed on August 8, 2018, and Defendant, which was formed the following day, as well as complex and confusing equity interests and funding agreements. The end result was Defendant's purchase of the Novartis properties from Plaintiff, for which Defendant secured a $33 million loan in order to do so. Numerous litigation ensued as a result of these transactions.

As is relevant here, non-party/debtor RS Old Mills, LLC filed an adversary proceeding in the United States Bankruptcy Court (hereinafter "the Bankruptcy Court"), naming both Plaintiff and Defendant as well as numerous other individuals and entities that were involved in the multi-transfer plan, asserting causes of action for, inter alia, fraudulent conveyance, conversion and conspiracy. The court-appointed Trustee, on behalf of non-party/debtor RS Old Mills, LLC, entered into a Stipulation of Settlement with Defendant wherein non-party/debtor RS Old Mills, LLC's adversary proceeding was dismissed with prejudice, the Trustee released and waived all claims non-party/debtor RS Old Mills, LLC had against Defendant with respect to Defendant's title to the Novartis properties but preserved any claims non-party/debtor RS Old Mills, LLC may have with respect to equity interests in Defendant. By Order dated January 14, 2020, the Bankruptcy Court approved that Stipulation of Settlement and specifically found that Plaintiff was a good faith purchaser of the Novartis properties from non-party/debtor RS Old Mills, LLC and therefore entitled to the protection, under the Bankruptcy Code, of having received valid title from non-party/debtor RS Old Mills, LLC. In addition, the Bankruptcy Court also approved the second transfer of the property, i.e., from non-party/debtor RS Old Mills, LLC to Plaintiff, nunc pro tunc. Non-party/debtor RS Old Mills, LLC thereafter appealed the Bankruptcy Court's January 14, 2020 Order,

---

[2] At the time the transfers were made, non-party RS Old Mills, LLC, despite its status as a debtor, did not obtain the required approval from the Bankruptcy Court.

which the District Court dismissed in an Opinion and Order dated
May 8, 2020.

Subsequent to the Bankruptcy Court's January 14, 2020 Order
but prior to the District Court's May 8, 2020 Opinion and Order
dismissing the appeal, Plaintiff commenced the within litigation
asserting four causes of action: conversion, rescission,
declaratory judgment to quiet title and, in the alternative, breach
of contract. As the first three causes of action seek to challenge
Defendant's title and ultimately "undo" the transfer of the
property from Plaintiff to Defendant, Plaintiff filed Notices of
Pendency with respect to the Novartis properties. Defendant now
moves to cancel them.

As set forth in CPLR §6501, "[a] notice of pendency may be
filed in any action in a court of the state or of the United States
in which the judgment demanded would affect the title to, or the
possession, use or enjoyment of, real property." Thus, "[i]n
entertaining a motion to cancel, the court essentially is limited
to reviewing the pleading to ascertain whether the action falls
within the scope of CPLR 6501." 5303 Realty Corp. v. O & Y Equity
Corp., 64 N.Y.2d 313, 320 (1984). However, due to the complexity of
these transactions, as well as the procedural nuances as a result
of the Bankruptcy and District Court proceedings, this Court would
be remiss in limiting its review to only the Complaint. Moreover,
since Defendant has also moved to dismiss Plaintiff's complaint
pursuant to CPLR 3211(a)(1), and both parties have submitted
numerous documents to the Court, the Court has considered the full
record before it in determining both the motion to cancel the
Notices of Pendency and the motion to dismiss the Complaint.

Thus, having considering the foregoing papers and having heard
the arguments of counsel (virtually) on May 19, 2020, it is hereby

ORDERED that Defendant's motion to cancel the Notices of
Pendency is denied (CPLR 6514 (b)); and it is further

ORDERED that Defendant's motion to dismiss the complaint is
granted to the extent that the cause of action for conversion
(first cause of action)is dismissed; and it is further

ORDERED that Defendants shall file their answer to the
complaint within twenty (20) days of the date of this Decision and
Order; and it is further

ORDERED that counsel shall appear for a preliminary
conference, via Microsoft Teams, on Wednesday, September 23, 2020
at 2:30 p.m.; and it is further

FILED: ROCKLAND COUNTY CLERK 08/20/2020 04:31 PM
NYSCEF DOC. NO. 72
INDEX NO. 031809/2020
RECEIVED NYSCEF: 08/20/2020

21-22280-shl    Doc 49-1    Filed 06/13/21    Entered 06/13/21 16:39:43    Exhibit A
Pg 5 of 5

ORDERED that any other request for relief not herein decided is denied.

The foregoing constitutes the Decision and Order of this Court.

E N T E R

Dated: August 2o , 2020
      New City, New York

HON. ROLF M. THORSEN
Acting Supreme Court Justice

TO:  NYSCEF