BUTLER, FITZGERALD, FIVESON & McCARTHY,      Re: ECF No. 47
A Professional Corporation     Hearing: June 18, 2021
9 East 45th Street, Ninth Floor
New York, New York 10017
Tel.: (212) 615-2200
Fax: (212) 615-2215

*Counsel to Creditor Old Republic National Title Insurance Company*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

In re:

SUFFERN PARTNERS, LLC

                   Debtor.

Chapter 11

Case no. 21-22280(SHL)

-------------------------------------------------------------------------X

## OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY'S DECLARATION IN FURTHER SUPPORT OF MOTION TO APPROVE ITS SETTLEMENT WITH THE <u>DEBTOR</u>

David K. Fiveson, an attorney admitted before the Courts of the State of New York and this Court, affirms under the penalties of perjury, as follows:

1. I am a member of the Bar of this Court and a principal of the firm Butler, Fitzgerald, Fiveson & McCarthy, P.C., attorneys for creditor Old Republic National Title Insurance Company ("ORNTIC"). I have knowledge of the facts stated herein based upon my prior representation of ORNTIC in two prior matters involving Suffern and my review of the closing file for the September 6, 2017 collapsed transaction. I therefore believe the facts stated herein to be true and correct. I make this affirmation in response to the objections filed by RS Old Mills Rd and Continental Kosher Catering, Inc. to the motion (ecf. 47) to approve its settlement with the Debtor Suffern Partners, LLC ("Suffern").

2. ORNTIC's settlement should be approved in all respects. First, such settlement is conditioned on Suffern closing on its sale to IT Holder Entity, LLC ("IT Holder") pursuant to its agreements with IT Holder and CPIF Lending, LLC. If in fact the sale closes, Suffern will have no claims against ORNTIC under the issued title Policy for an inability to sell the Premises. At most, Suffern will have a claim to recoup counsel fees based on ORNTIC's disclaimer of coverage for not providing a defense to Rd's state court claim against Suffern. Under the settlement, Suffern is recovering for the Estate a substantial discount off the $1,484,483 ORNTIC's monies it was holding as an offset against its potential its claims against ORNTIC. This is a fair and reasonable settlement of any remaining claim of Suffern for counsel fees to defend the Rd action.

3. Moreover, ORNTIC will agree to fix its claim at $1,250,000 and be paid upon distribution to all unsecured creditors, reserving its rights in the event of any shortfall to pursue the co-defendants in the District Court action for monies owed.

**BACKGROUND FACTS**

4. On or about November 28, 2016, RS Old Mill, LLC ("Old Mill") contracted to purchase from Novartis Corporation ("Novartis") for $18 million, three parcels of property situated in the County of Rockland and State of New York: (1) 25 Old Mill Road, Suffern, NY 10901 (Section: 55.22, Block: 1, Lot: 1); (2) 19 Hemion Road, Montebello, NY 10901 (Section: 55.06, Block: 1, Lot: 1); and (3) Route 59 Suffern, NY 10901(Section: 55.37, Block: 1, Lot: 31) ("Premises"). Old Mill deposited $2.5 million to bind the contract with Novartis.

5. On or about February 13, 2017, Old Mill filed for Chapter 11 Bankruptcy Protection in the United States Bankruptcy Court for the Southern District of New York, In re: RS OLD MILL, LLC, Case No. 17-22218-RDD. On or about June 2, 2017, the Bankruptcy Court approved Old Mill's purchase of the Premises from Novartis for $18 million.

6. On or about September 6, 2017, in a collapsed transaction Novartis conveyed the Premises to Old Mill for $18 million, Old Mill conveyed the Premises to RS Old Mills Rd, LLC ("RD") for no consideration and RD conveyed the Premises to Suffern for stated consideration of $30 million. Old Mill and RD are sometimes referred to as the "Sellers." Old Mill did not seek or obtain Bankruptcy Court approval for its conveyance of the Premises to RD prior to the transfer.

7. The sale of the Premises to Suffern, and Suffern's financing with CPIF, closed on September 6, 2017. Suffern's purchase was financed with a $33 million loan from CPIF Lending LLC ("CPIF"). As one condition to CPIF financing the purchase by Suffern, CPIF required Suffern to have $12.5 million in capital on deposit. On September 5, 2017, Suffern borrowed $12.5 million from Treff & Lowy, PLLC ("Treff & Lowy"), to satisfy the condition of CPIF to finance the purchase.

8. Old Mill and RD were represented by Thomas Landrigan, Esq. ("Landrigan") at the closing.

9. As consideration for its conveyance of the Premises to Old Mill, $15,940,324.51 of loan proceeds were transmitted by Riverside Abstract to Commonwealth Land Title Insurance Company ("Commonwealth") as agent for Novartis. The $15,940,324.51 payment to Commonwealth was reported on the closing statement. Loan proceeds in the amount of $13,763,840.88 were transmitted by Riverside Abstract to Landrigan, as counsel and escrow agent for the Sellers. The $13,763,840.88 payment to Landrigan was reported on the closing statement.

10. On September 6, 2017, ORNTIC through its limited policy-issuing title agent Riverside Abstract, issued owner's title policy no. OX-11894013 (the "Policy") insuring

3

Suffern's fee interest in the Premises in the amount of $30,000,000 subject to the exceptions, conditions and exclusions in the Policy.

11. After the closing and unbeknownst to ORNTIC, Suffern and the Sellers provided wire instructions for Landrigan to divert payment of $12.5 million in loan proceeds received in his account for the Sellers, to Treff & Lowy, to satisfy Suffern's loan from Treff & Lowy, as opposed to paying the Sellers these monies. Landrigan complied with Suffern's directive and paid $12.5 million in loan proceeds to Treff & Lowy in satisfaction of Suffern's obligation to Treff & Lowy. Landrigan claims he was authorized to make this transfer by Rd and Old Mill.

### SUFFERN'S FIRST TITLE CLAIM SUBMITTED TO ORNTIC UNDER THE POLICY AND THE RESOLUTION THEREOF

12. On March 29, 2019, Old Mill commenced an adversary proceeding in the United States Bankruptcy Court for the Southern District of New York, Docket No. 19-08243-RDD by filing an adversary complaint seeking to vacate the September 6, 2017 no-consideration deed from itself (Old Mill) to RD, on the basis Old Mill (the debtor) had never obtained Bankruptcy Court approval of the transfer ("Adversary Proceeding"). ORNTIC was not a party in the adversary proceeding.

13. Suffern submitted a title claim under the Policy based on the claims set forth in the Adversary Proceeding. Pursuant to its obligations under the Policy, ORNTIC retained HH to represent Suffern to defend the challenge to the insured title in the Adversary Proceeding.

14. Old Mill's Chapter 11 case was converted to a Chapter 7 pursuant to the Order filed on June 5, 2019 as CM/ECF 102 in In re: RS OLD MILL, LLC, Case No. 17-22218.

15. On August 19, 2019, a settlement agreement between Suffern and the Chapter 7 Trustee ("Settlement Agreement") was signed subject to the Bankruptcy Court approval. The settlement authorized the September 6, 2017 transfer of the Premises from Old Mill (the

4

debtor) to RD nunc pro tunc, in exchange for the deposit of $2.5 million into a claim fund with the Chapter 7 Trustee to satisfy all approved claims and allowed administrative expenses of Old Mill's bankruptcy estate ("Claim Fund").  ORNTIC was not a party to the Settlement Agreement which was between the Chapter 7 Trustee and Suffern only.

16. On August 15, 2019, prior to the signing of the August 19, 2019 Settlement Agreement, ORNTIC agreed to deposit $2 million and Suffern agreed to deposit $500,000 into the Claim Fund.  These monies were deposited to cure the title defect created by Old Mill's failure to get bankruptcy court approval for its transfer to Rd (which in turn transferred to Suffern).  It was agreed the $2 million would be wired into the IOLA account of HH and that Gilbert Backenroth and Stephen Grable both as escrow agents of the $2 million and as counsel representing Suffern, represented and agreed with Maria Filippelli of ORNTIC on August 15, 2019, that ORNTIC would be repaid its portion of the unused Claim Refund.

17. Mr. Grable provided Ms. Filippelli wire instructions to the Iola account for HH on August 16, 2019.  In reliance on Gilbert Backenroth's and Stephen Grable's agreement and representation as escrow agents and as counsel for Suffern, on August 16, 2019 ORNTIC wired $2 million to HH's IOLA account.  Gilbert Backenroth, Stephen Grable, and HH received as escrow agents ORNTIC's $2 million which was, in turn, paid into the Claim Fund with Suffern's $500,000 contribution.

18. Messrs. Backenroth and Grable deny the agreement as claimed by ORNTIC.

19. The implementation of the Settlement Agreement resolved Suffern's title claim under the Policy.

20. In September 2020, the Chapter 7 Trustee delivered to Gilbert Backenroth and Stephen Grable a check payable to Suffern in the amount of $1,984,483.86 representing the Claim Refund ("Claim Refund Check"). $1,484,483.86 of said monies represents a partial refund of ORNTIC's $2 million previously deposited into escrow with HH on the agreement and representation that ORNTIC be re-paid its portion of the Claim Refund.

21. Over the objection of ORNTIC, Gilbert Backenroth and Stephen Grable delivered the Claim Refund Check to Suffern, which deposited the Claim Refund Check into its account. Suffern received the Claim Refund Check with actual or, at least, imputed notice of the agreement of Messrs. Grable and Backenroth as escrow agents and as counsel for Suffern to pay ORNTIC its portion of the Claim Refund.

22. Suffern claims it was entitled to hold ORNTIC's Claim Refund as an offset of potential damages claims as a result of ORNTIC's disclaimer of the second title claim under the Policy discussed below, although expressly acknowledged that the funds belonged to ORNTIC.

**THE RS OLD MILLS RD STATE ACTION UNDERLYING SUFFERN'S
SECOND CLAIM AGAINST ORNTIC UNDER THE POLICY**

23. On April 14, 2020 (prior to the issuance of the Claim Refund in September 2020), RD commenced an action against Suffern in the Supreme Court, County of Rockland under Index No. 031809/2020 ("RS Old Mills Rd State Action"). In the RS Old Mills Rd State Action, RD alleges that Suffern did not pay consideration for the September 6, 2017 deed conveying the Premises (because $12,500,000 had been paid to Treff & Lowy as opposed to the Sellers by Mr. Landrigan).

24. The first cause of action claims Suffern converted the Premises. The second cause of action seeks to rescind the September 6, 2017 deed from RD to Suffern. The third cause

6

of action seeks to quiet title in RD. The fourth cause of action seeks damages against Suffern for breach of contract.

25. RD also filed a lis pendens against the Premises in connection with the RS Old Mills Rd State Action.

**SUFFERN'S SECOND TITLE CLAIM UNDER THE POLICY**

26. On April 20, 2020, Suffern submitted to ORNTIC a claim for ORNTIC to defend Suffern against the allegations in the RS Old Mills Rd State Action. ORNTIC disclaimed any obligation to defend or indemnify Suffern against the title claims asserted in the second and third causes of action in RS Old Mills Rd State Action based on Policy Exclusions 3(a) and (e). ORNTIC disclaimed coverage of the conversion claim (first cause of action) and the breach of contract claim (fourth cause of action) on the basis these claims did not fall within the covered risks insured under the Policy.

**SUFFERN'S CLAIMS AGAINST ORNTIC AND ORNTIC'S
CROSS-CLAIMS AGAINST HH, BACKENROTH, GRABLE
AND MR. LEFKOWITZ**

27. Suffern commenced an action on October 23, 2020 against ORNTIC in the United States District Court, Southern District of New York, 20-cf-08905 (C. Seibel) ("District Court Action"). Suffern's claims arise out of ORNTIC's disclaimer of coverage under the Policy for the RS Old Mills Rd State Action and for ORNTIC's alleged breach of an escrow agreement and negligence. The first cause of action seeks $2,000,000 for the cost of defending the RS Old Mills Rd State Action.

28. The Second Cause of Action claims ORNTIC breached the Policy by failing to provide plaintiff a defense to the RS Old Mills Rd State Action.

7

29. The Third Cause of Action claims Suffern and ORNTIC entered into the escrow agreement through the title agent Riverside and that ORNTIC breached the escrow agreement.

30. The Fourth Cause of Action seeks consequential damages for breach of the Policy and the escrow agreement, and based on negligence.

31. ORNTIC filed a Second Amended Answer with Counterclaims and Cross-claims on February 5, 2021. The pleading added HH, Gilbert Backenroth, Stephen Grable and Mr. Lefkowitz as defendants and asserted cross-claims against them for damages in the event Suffern does not pay ORNTIC its $1,484,483.86.

32. A copy of Suffern's complaint and ORNTIC's amended answer with counter and cross-claims is annexed as Exhibits A and B.

### ORNTIC'S SETTLEMENT WITH THE DEBTOR SHOULD BE APPROVED

33. The Court can readily determine the settlement is fair and reasonable, and in the interest of the Suffern's Estate. Upon the sale to IT Holder, the Debtor's claims against ORNTIC for being unable to sell the Premises are extinguished. The only claim that could remain is based on an alleged wrongful disclaimer of the title claim presented by Rd's State claims. This claim is reasonably settled by ORNTIC providing a $234,483 discount off the $1,484,483 of ORNTIC's monies wrongfully received by Suffern. If the sale to IT Holder does not close, then there is no settlement between ORNTIC and Suffern.

34. Second, ORNTIC and Suffern have amended the settlement agreement to fix ORNTIC's claim at $1,250,000, provide for payment upon distribution to all unsecured creditors, and with ORNTIC reserving its rights against in the event there is any shortfall in the $1,250,000 payment. See Exhibit C.

**CONCLUSION**

35. The motion to approve the settlement with ORNTIC, as amended should be granted in all respects.

Dated: New York, New York
      June 18, 2021
                              **BUTLER, FITZGERALD, FIVESON**
                                  **& McCARTHY**
                              A Professional Corporation
                              *Attorneys for Defendant*
                              *Old Republic National Title Insurance Company*

                              By:  *S/ David K. Fiveson*
                                    David K. Fiveson, Esq.
                              A Principal of the Firm
                              9 East 45th Street, Ninth Floor
                              New York, New York 10017
                              dfiveson@bffmlaw.com
                              (212) 615-2200