# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                                :
                                                      :
                                                      :
SUFFERN PARTNERS LLC,                                 :    Chapter 11
                                                      :    Case No. 21-22280-shl
            Debtor.                                   :
                                                      :
                                                      :
_____                     :


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                                      :
SUFFERN PARTNERS LLC,                                 :
                                                      :
            Plaintiff,                                :
                                                      :
    -against-                                         :    Civil Action No. 20-cv-8905-CS
                                                      :
OLD REPUBLIC NATIONAL TITLE                           :
INSURANCE COMPANY,                                    :
                                                      :
            Defendant.                                :
                                                      :
_____                     :

## AMENDED STIPULATION OF SETTLEMENT

Suffern Partners LLC ("Suffern"), Hahn & Hessen LLP ("H&H"), Stephen J. Grable,

Gilbert Backenroth, Isaac Lefkowitz, and Old Republic National Title Insurance Company

("Old Republic") (collectively, the "Parties" and each individually, a "Party"), by and

through their undersigned counsel and undersigned authorized representatives, hereby

stipulate and agree as follows:

## RECITALS

**WHEREAS**, by complaint dated October 23, 2020 (the "Complaint"), Suffern

commenced the above-captioned District Court action against Old Republic (S.D.N.Y. Case

No. 20-cv-8905-CS, the "Action"), through which Suffern sought, *inter alia*, to enforce its

rights pursuant to an owner's title insurance policy issued by Old Republic to Suffern under

Old Republic Policy No. OX-11894013 (the "Policy") and insuring Suffern's valid title pursuant to the terms thereof in the property located in Rockland County known as 25 Old Mill Road (the "Property") (*see* Dkt. No. 1);

**WHEREAS**, by answer dated November 20, 2020, and as amended on December 7, 2020 and February 12, 2021, Old Republic denied Suffern's allegations and claims asserted by the Complaint and Old Republic asserted counterclaims against Suffern for, *inter alia*, conversion, constructive trust, and indemnification (collectively, the "Counterclaims"), and further asserted putative cross-claims against (a) H&H, Stephen J. Grable, and Gilbert Backenroth for, *inter alia*, breach of fiduciary duty, and (b) Suffern's principal, Isaac Lefkowitz, for conversion (collectively, the "Cross-Claims") (*see* Dkt. Nos. 9, 36, 58);

**WHEREAS**, by answers dated December 28, 2020 and February 26, 2021, Suffern denied Old Republic's allegations and Counterclaims asserted against Suffern (*see* Dkt. Nos. 45, 64);

**WHEREAS**, H&H and Messrs. Grable, Backenroth, and Lefkowitz deny the allegations asserted against them and, by motions dated April 5, 2021, moved to dismiss the Cross-Claims with prejudice (*see* Dkt. Nos. 73, 76);

**WHEREAS**, on May 16, 2021, Suffern filed a voluntary petition (the "Petition") for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court of the Southern District of New York (the "Bankruptcy Court"), which matter was assigned to the Honorable Sean H. Lane under Petition No. 21-22280-shl (the "Bankruptcy Proceeding");

**WHEREAS**, on May 17, 2021, Suffern filed a motion in the Bankruptcy Proceeding pursuant to Section 363(f) of the Bankruptcy Code to assume (a) a pre-Petition Purchase and Sale Agreement dated as of March 9, 2020 and as thereafter amended (the "Sale Agreement")

between Suffern and TT Holder Entity LLC ("Purchaser") and (b) the Broker Agreement

dated as of October 30, 2019 and as thereafter amended, between Suffern and CBRE (the

"Broker Agreement") and, pursuant to those agreements, to sell the Property free and clear

of liens to Purchaser for $52.5 million (the "Sale Motion");

**WHEREAS**, on May 18, 2021, Suffern filed a motion in the Bankruptcy Proceeding

pursuant to Section 327(e) of the Bankruptcy Code to authorize the employment of H&H as

special litigation and real estate counsel to Suffern in the Bankruptcy Proceeding

(the "Retention Motion");

**WHEREAS**, on May 21, 2021, Suffern filed a motion in the Bankruptcy Proceeding

pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") to approve a settlement agreement between Suffern and CPIF Lending, LLC

("CPIF") (the "CPIF Settlement Motion"), pursuant to which Suffern agreed to satisfy

CPIF's note and the related mortgage secured by the Property for $36,982,533.00;

**WHEREAS**, the Bankruptcy Court set June 11, 2021 as the deadline for objections

(the "Objection Deadline") to the Sale Motion, the Retention Motion and the CPIF

Settlement Motion;

**WHEREAS**, the Sale Motion, the CPIF Settlement Motion and the Retention Motion

are each scheduled to be heard before the Bankruptcy Court on June 21, 2021 (as may be

adjourned, the "Hearing Date");

**WHEREAS**, on June 1, 2021, Old Republic filed a Proof of Claim in the Bankruptcy

Proceeding, pursuant to which it asserted a claim against Suffern in the amount of

$1,578,555.40 (together with any further accrued interest and other fees, the "Old Republic

Claim");

3

**WHEREAS**, Suffern, H&H, Grable, Backenroth, Lefkowitz, and Old Republic have engaged in arms' length settlement discussions concerning the claims asserted in the Complaint, the Counterclaims, the Cross-Claims, and the Old Republic Claim, respectively;

**WHEREAS**, in order to avoid the costs of litigating the claims asserted by the Complaint, the Counterclaims, the Cross-Claims, and the Old Republic Claim, the Parties determined to resolve their disputes, without admitting any wrongdoing or liability or conceding any of the allegations or claims asserted, on the terms and subject to the conditions set forth in the Stipulation of Settlement dated as of June 11, 2021 (the "June 11 Stipulation");

**WHEREAS**, the Parties thereafter continued to engage in settlement discussions and agreed to a modification of the June 11 Stipulation, on the terms and conditions set forth in this Amended Stipulation of Settlement (the "Amended Stipulation");

**WHEREAS**, the recitals shall be incorporated and made a part of the settlement agreement.

**NOW THEREFORE**, for good and valuable consideration, it is hereby stipulated, consented, and agreed to by and between the Parties as follows:

<u>**AGREEMENT**</u>

1.    Suffern shall seek in the Bankruptcy Proceeding pursuant to Bankruptcy Rule 9019, authorization and approval of the terms of this Amended Stipulation insofar as they impact upon Suffern (the "Amended Old Republic Settlement Motion"), returnable on the Hearing Date.

2.    Suffern agrees that, subject to the Bankruptcy Court's schedule and direction, the Amended Old Republic Settlement Motion shall be heard by the Bankruptcy Court before the Sale Motion, the CPIF Settlement Motion and the Retention Motion, and Suffern shall

file an agenda in the Bankruptcy Court prior to the Hearing Date and conforming to this schedule and agreement.

3.    Notwithstanding the Objection Deadline, Suffern waives in the Bankruptcy Proceeding the requirement that Old Republic must file any objections to the Sale Motion, the CPIF Settlement Motion and the Retention Motion by the Objection Deadline and consents to Old Republic being permitted to state on the record in the Bankruptcy Proceeding any objections to the Sale Motion, the CPIF Settlement Motion and the Retention Motion in the event that the Bankruptcy Court does not approve the terms of this Amended Stipulation as between Suffern and Old Republic before consideration of the Sale Motion, the CPIF Settlement Motion or the Retention Motion.

4.    Provided the Bankruptcy Court approves the Sale Motion in all respects, and the sale contemplated thereunder closes in accordance with, *inter alia*, the CPIF Settlement Agreement, Old Republic's Claim shall be fixed and allowed as a non-priority, general unsecured claim against the Debtor in the reduced amount of One Million, Two Hundred and Fifty Thousand Dollars ($1,250,000.00) (the "Settlement Amount"), except that in the event that the treatment of the Old Republic Claim in any plan of reorganization of liquidation or other order of distribution as authorized by the Bankruptcy Court results in payment of less than the full amount of the Settlement Amount, then in such event, Old Republic shall have the option to either (a) accept such lesser amount or (b) litigate with Suffern and the other parties in the Action and seek allowance of the full amount of the Old Republic Claim, with Suffern and the other parties in the Action permitted to assert any defenses thereto including to object to allowance of the entire Old Republic Claim.

5.    Upon Old Republic's receipt of the full Settlement Amount or such lesser amount that Old Republic may agree to, and clearing of funds, Suffern, Lefkowitz, GoldmanRX, Inc., H&H, Backenroth, and Grable shall exchange mutual, limited releases

5

(the "Releases"), in the form annexed hereto as Exhibit "A", with Old Republic, pursuant to which the Parties shall fully and forever release each other from all claims asserted through or related to the Policy, the Complaint, the Counterclaims, the Cross-Claims and the Old Republic Claim, and such claims shall be waived, released, expunged and dismissed with prejudice as between the Parties.

6.    Within three (3) business days of Old Republic's receipt of the Settlement Amount or such lesser amount that Old Republic may agree to, and the clearing of funds, and the Parties' exchange of the Releases, the Parties shall notify the District Court and arrange for dismissal and/or withdrawal of the Action and all claims, counterclaims, cross-claims, and other allegations asserted therein, with prejudice, with the exception that the third-party claims Old Republic asserted against Thomas Landrigan shall be dismissed without prejudice.

7.    If this Amended Stipulation is not approved by the Bankruptcy Court, Old Republic shall have the right to object to the Retention Motion and the CPIF Settlement Motion. The Objection to the Retention Motion shall be limited only to the extent it requests for H&H to serve as special litigation counsel to Suffern for purposes of this Action; Old Republic has no objection, and otherwise waives any right to object, to the Retention Motion to the extent it requests for H&H to serve as special litigation counsel to Suffern for purposes of the action captioned *RS Old Mills RD, LLC v. Suffern Partners LLC* (adversary proceeding Case No. 21-07027-shl).

8.    In the event this Amended Stipulation is not approved by the Bankruptcy Court: (a) it shall be null, void, and of no further force and effect; and (b) nothing contained herein shall be deemed a waiver or admission by or used against any Party.

9.    Nothing in this Amended Stipulation, express or implied, is intended or shall be construed to release any claims the Parties may have against any person or entity that is not a Party to this Amended Stipulation.

10.    Nothing in this Amended Stipulation, express or implied, is intended or shall be construed to be a waiver of Old Republic's rights to examine the Debtor during the Creditor's Committee meeting, which rights are fully reserved.

11.    Nothing in this Amended Stipulation, express or implied, is intended or shall be construed to confer upon, or to give to any person or entity other than the Parties, any right, remedy or claim under or by reason of this Amended Stipulation or any condition or stipulation thereof, and the stipulations and agreements contained in this Amended Stipulation are and shall be expressly for the sole and exclusive benefit of the Parties.

12.    This Amended Stipulation may be signed in multiple counterparts, and when each Party has signed a counterpart thereof, each such counterpart shall be a binding and enforceable agreement as an original.  In addition, this Amended Stipulation may be executed by e-mail or facsimile, and such e-mail or facsimile signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or by mail.

13.    This Amended Stipulation sets forth all of the terms, conditions and agreements between the Parties hereto with respect to the subject matter hereof, and there are no verbal or other agreements, promises, representations or warranties made or given in connection with any of the foregoing or concerning the subject matter hereof that are not contained herein.

14.    This Amended Stipulation shall be binding upon the Parties and their respective heirs, executors, successors, administrators and assigns.

15.    This Amended Stipulation may not be amended or modified other than in writing executed by each of the Parties.

**[SIGNATURES ON FOLLOWING PAGE]**

7

**ACCEPTED AND AGREED:**

**SUFFERN PARTNERS LLC**

By: _s/ Isaac Lefkowitz_
      Isaac Lefkowitz

Title: _CEO_

Date: _6/18/2021_

*Plaintiff-Counterclaim Defendant*

**HAHN & HESSEN LLP**

By: _____
      Stephen J. Grable

Title: _Partner_

Date: _6/18/2021_

**LIPSIUS-BENHAIM LAW LLP**

By: _s/ Ira Lipsius_
      Ira Lipsius

Title: _Partner_

Date: _6/18/2021_

*Counsel for Suffern Partners LLC*

**OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY**

By: _____
      Maria Filippelli

Title: _____

Date: _____

*Defendant-Counter Plaintiff-Cross Plaintiff*

**BUTLER, FITZGERALD FIVESON & MCCARTHY, P.C.**

By: _____
      David K. Fiveson

Title: _____

Date: _____

*Counsel to Old Republic National Title Insurance Company*

8

**STEPHEN J. GRABLE**

Date: 6/18/2021

*Cross-Claim Defendant*

**GILBERT BACKENROTH**

s/Gilbert Backenroth

Date: 6/18/2021

*Cross-Claim Defendant*

**HAHN & HESSEN LLP**

By: s/Steven J. Mandelsberg
    Steven J. Mandelsberg

Title: Member of the Firm

Date: 6/18/2021

*Cross-Claim Defendant*

**ISAAC LEFKOWITZ,
Individually and on behalf of
GoldmanRX, Inc.**

s/ Isaac Lefkowitz

Date: 6/18/2021

*Cross-Claim Defendant*

**ABRAMS   GARFINKEL   MARGOLIS
BERGSON, LLP**

By: s/Robert J. Bergson
    Robert J. Bergson

Title: Partner

Date: 6/18/2021

*Counsel to Stephen J. Grable, Gilbert
Backenroth, and Hahn & Hessen LLP*

**LIPSIUS-BENHAIM LAW LLP**

By: s/ Ira Lipsius
    Ira Lipsius

Title: Partner

Date: 6/18/2021

*Counsel for Isaac Lefkowitz*

# EXHIBIT A

## MUTUAL RELEASE

**FOR GOOD AND VALUABLE CONSIDERATION**, the receipt whereof is hereby acknowledged, each of **SUFFERN PARTNERS LLC** ("Suffern"), **ISAAC LEFKOWITZ, GOLDMANRX, INC., HAHN & HESSEN LLP, STEPHEN J. GRABLE,** and **GILBERT BACKENROTH,** on the one hand, and **OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY** ("Old Republic"), on the other hand (each identified person or entity individually a "Party," and together, the "Parties"), fully and forever release, remise, acquit and discharge each other, and all of their respective affiliates, attorneys, insurers, assigns, successors, executors, administrators, representatives, members, directors, officers, shareholders, partners, employees, and agents, past and present, and any and all persons acting by, through, under or in concert with them, of and from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, expenses or losses, of every kind and nature whatsoever, whether at this time known or suspected, or unknown or unsuspected, in law, equity or otherwise, which any Party ever had, now has, or may have, against another Party, specifically limited to and specifically based upon or arising out of or in connection with all claims, counterclaims, cross-claims, putative cross-claims, causes of action, and/or allegations actually asserted or that could have been asserted (a) in the action styled *Suffern Partners LLC v. Old Republic National Title Insurance Company* (S.D.N.Y. Case No. 20-cv-8905), and/or (b) in regards to that certain owner's title insurance policy issued by Old Republic to Suffern under Old Republic Policy No. OX-11894013; **except that Suffern does not hereby release any claims it may have against Riverside Abstract LLC**.

*[continued on next page]*

IN WITNESS WHEREOF, the Parties hereto have executed this Mutual Release as of June ___, 2021.


[insert signature and notary blocks]