BUTLER, FITZGERALD, FIVESON & McCARTHY,  
A Professional Corporation  
9 East 45th Street, Ninth Floor  
New York, New York 10017  
David K. Fiveson, Esq.  
Tel.: (212) 615-2200  
Fax: (212) 615-2215  

Presentment Date: August 12, 2021  
Objection Deadline: August 5, 2021  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------------------X  

In re:  

SUFFERN PARTNERS, LLC  

                        Debtor.  

Chapter 11  

Case no. 21-22280(SHL)  

-----------------------------------------------------------------X  

**APPLICATION SEEKING ENTRY OF AN ORDER,  
PURSUANT TO FEDERAL RULE OF BANKRUPTCY  
PROCEDURE 2004, DIRECTING THE PRODUCTION OF  
DOCUMENTS BY AND THE EXAMINATION OF DEBTOR  
BY ISAAC LEFKOWITZ**  

TO THE HONORABLE SEAN H. LANE  
UNITED STATES BANKRUPTCY JUDGE  

      Creditor Old Republic National Title Insurance Company (ORNTIC), by its counsel, Butler, Fitzgerald, Fiveson & McCarthy, P.C., submits this application (the "Application") seeking the entry of an Order, pursuant to Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing the production of certain records, documents, in the possession, custody, or control of the Debtor and its principal Isaac Lefkowitz (the "Debtor") and directing the examination of the Debtor, and respectfully sets forth and represents as follows:  

### JURISDICTION AND STATUTORY PREDICATES

      1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein include Bankruptcy Code Section 105(a) and Bankruptcy Rule 2004.

## BACKGROUND

5. On May 16, 2021 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

6. Thereafter the instant proceeding was referred to your Honor for administration under the Bankruptcy Code.

7. The Debtor has continued in possession of their property and the management their business affairs as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been heretofore appointed.

8. On June 29, 2021, this Court approved the Debtor's sale of its Real Property pursuant to Bankruptcy Code 363(b), (f) and (m) (ecf 72) and settlements with creditors CPIF Lending (ecf 73) and ORNTIC (ecf 74).

9. Upon information and belief, the sale of the Debtor's real property closed on July 16, 2021.

10. The Debtor by its principal Isaac Lefkowitz testified at the meeting of creditors on June 24, 2021. The witness was examined concerning the claim unsecured creditor DG Realty Management, LLC ("DG") in the amount of $5,000,000 which is scheduled as a loan to the Debtor being non-contingent, unliquidated or undisputed.

11. The witness identified the member of DG as David Geffner. Mr. Geffner is a principal of Perigrove, which is believed to be a private equity firm. Isaac Lefkowitz is also

2

a director at Perigrove (See Exhibit A) but denied under oath at the creditor's meeting that he had a recollection whether he and Mr. Geffner shared offices, and denied they had a business relation.

12. Mr. Lefkowitz testified DG paid no monies to the Debtor, on account of the $5,000,000 loans, which were deposited into the Debtor's account; nor was any portion of the $5,000,000 loan funded in cash. Mr. Lefkowitz testified DG charged $5,000,000 of expenses for Suffern on its credit cards.

13. The Debtor took title to the Premises on September 7, 2017. Goldie Reisman and RSOM Corp. assigned their membership interests in Suffern to GoldmanRX, Inc., the current member, on March 22, 2019, whereupon Mr. Lefkowitz assumed control.

14. Therefore, it appears it is claimed that DG charged $5,000,000 on its credit cards from March 22, 2019 until the May 16, 2021 Chapter 11 filing by the Debtor.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

15. This Application is made pursuant to Bankruptcy Rule 2004 for entry of an Order directing the production of records and documents by the Witness which are particularly set forth in the proposed order annexed to this Application as Exhibit B (the "Proposed Order"), and directing the examination under oath of the Witness.

16. Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity . . . . [as to] the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." FED. R. BANKR. P. 2004(a), (b); see In re Corso, 328 B.R. 375, 383 (E.D.N.Y. 2005) (noting that "the scope of this examination is broader than discovery permitted under the Federal Rules of Civil Procedure" (citations omitted)); Martin v. Keybank of New York, 208 B.R. 807, 810 (N.D.N.Y. 1997) (observing "general rule[] that the

3

scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted" (citation omitted)); see also In re CENA's Fine Furniture, Inc., 109 B.R. 575, 577 n.2 (E.D.N.Y. 1990) ("The scope of a Rule 2004 examination is unfettered and broad . . . . Examinations under Rule 2004 are allowed for the purpose of discovering assets and unearthing frauds." (citation omitted)); In re Atlantis B.V., Case No. 10-12308 (MG), 2010 Bankr. LEXIS 4243, at *10 (Bankr. S.D.N.Y. Nov. 24, 2010) (noting "[i]t is well established that the scope of a Rule 2004 examination is very broad" (citation omitted)); In re Parikh, 397 B.R. 518, 525-26 (Bankr. E.D.N.Y. 2008) ("A Rule 2004 examination has been likened to a 'fishing expedition,' the scope of which is broad. . . . The Primary purpose of allowing broad discovery in Rule 2004 is to expedite the locating of assets of the estate." (citations omitted)).

17. It is submitted that it is necessary to effectuate a turnover of books and records of the Debtor relating to DG's $5,000,000 claim which the Debtor has scheduled as "undisputed". In particular, all documents relating to DG charging its credit card for the Debtor's expenses made the basis of the claim, any business relation between Messrs. Lefkowitz and Geffner, and all underlying loan documents, agreements and promissory notes should be produced. ORNTIC further submits that the examination of the Debtor under oath is necessary and appropriate. Accordingly, ORNTIC respectfully requests an Order directing the Debtor to produce the records, documents and electronic files, which are more precisely set forth in the Proposed Order, that are within its possession, custody or control and directing the examination under oath of the Debtor by Mr. Lefkowitz.

18. Under the Proposed Order, responsive documents are to be turned over to the undersigned counsel by the date set forth in accordance with Federal Rule of Civil Procedure 34 made applicable by Bankruptcy Rules 9016 and 2004. The Order provides the Debtor with at least 30 days for the production of the records, documents and electronic files requested in the

4

Proposed Order. Thereafter, the Order provides the Witness seven days' notice for the examination.

19. ORNTIC has not previously filed an application for the relief requested herein to this or any other Court.

20. By virtue of the foregoing, ORNTIC respectfully submits that it is entitled to the relief requested herein.

WHEREFORE, ORNTIC respectfully requests that the Court enter the Proposed Order directing the Debtor to produce the records, documents and electronic files described therein and directing the Debtor to appear for an examination, and granting such other, further, and different relief as the Court deems just and proper.

Dated: New York, New York
July 22, 2021

BUTLER, FITZGERALD, FIVESON
& McCARTHY
A Professional Corporation
*Attorneys for Creditor*
*Old Republic National Title Insurance Company*

By: *S/ David K. Fiveson*
David K. Fiveson, Esq.
A Principal of the Firm
9 East 45th Street, Ninth Floor
New York, New York 10017
(212) 615-2200
dfiveson@bffmlaw.com