DAVIDOFF HUTCHER & CITRON LLP                Hearing Date: 9/2/2021 @ 2:00 p.m.
*Attorneys for the Debtor*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400
Jonathan S. Pasternak, Esq.
Robert L. Rattet, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SUFFERN PARTNERS LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 21-22280 (SHL) |

**OBJECTION TO THE MOTION OF RS OLD MILLS RD, LLC
SEEKING ENTRY OF AN ORDER CONVERTING THE DEBTOR'S
CHAPTER 11 CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(b)**

**TO:   THE HONORABLE SEAN H. LANE,
         UNITED STATES BANKRUPTCY JUDGE:**

Suffern Partners LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), by its undersigned attorneys, Davidoff Hutcher & Citron LLP, respectfully submits this Objection (the "Objection") to the Motion of RS Old Mills RD, LLC (the "Movant"), seeking entry of an order converting the Debtor's Chapter 11 case to Chapter 7 pursuant to 11 U.S.C. § 1112(b) (the "Motion"), and in support thereof, avers as follows:

**SUMMARY OF THE OBJECTION**

Movant and its counsel apparently know no bounds in their obstructive and wasteful conduct. They have pursued every conceivable objection and procedural application to impede the efficient administration of this estate and the timely determination of Movant's meritless $30 million "claim" against Debtor. Each such effort has been unsuccessful, in addition to reflecting a total disregard for the costs being thrust upon the estate to oppose their bad-faith strategy.

True to form, Movant now seeks conversion. Not because it is legally supported, would benefit the estate, or could reduce costs. Rather, the Motion is a transparent attempt to wrest control of the Chapter 11 case from the Debtor. A Chapter 7 Trustee will lack the historical knowledge of Movant's multi-year litigation campaign and the prior findings against it, while creating the possibility that Movant may obtain a Trustee who responds more favorably to Movant's "claims." Movant thus seeks the appointment of a Chapter 7 Trustee in the hopes of ousting Debtor's longtime counsel, after failing in two prior attempts to oppose the retention. Movant cannot use conversion to "shop" for a friendlier adversary and as a back-door method to secure relief already twice-denied by this Court.

Tellingly, Movant offers no legitimate showing that conversion would actually benefit this estate. Indeed, Debtor and its counsel are proactively objecting to disputed claims (including Movant's) and prosecuting all causes of action belonging to the estate. Debtor also has already filed a Chapter 11 Plan of Liquidation (the "Plan"), and is in position to confirm that Plan shortly. Debtor has been exceptionally efficient in its efforts; any increase in administration expenses about which the Movant complains is the result of Debtor's responses to *Movant's own wasteful and litigious efforts*.

At bottom, conversion has only the potential to benefit Movant, while all other creditors and the estate will bear the burden of an additional, significant layer of administrative expenses and delay before distributions, resulting in undoubtedly diminished returns.

For all of these reasons, explained in further detail below, the Motion should be denied with prejudice and sanctions awarded to the estate.

**PERTINENT FACTUAL BACKGROUND**

1. This Court has jurisdiction over this bankruptcy case arising under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, pursuant to 28 U.S.C. §§ 157(b) and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue for Debtor's bankruptcy case is proper in this District under 28 U.S.C. § 1408.

3. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105 and 1112(b).

4. On May 16, 2021, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Debtor remains in possession of its properties and management of its affairs as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. No trustee, examiner or committee of creditors has been appointed.

5. Promptly after the Chapter 11 filing, the Debtor sought to sell the property and improvements located at 25 Old Mill Road, Town of Ramapo, Village of Suffern, and 19 Hemion Road in the Village of Montebello, Suffern, New York (collectively, the "Property"). Further, the Debtor moved for the entry of orders approving a compromise with its largest secured creditor, to settle major prepetition litigation, and to retain special counsel. Movant objected to all of these motions. Debtor – supported by its longtime counsel (now known as Thompson Coburn Hahn & Hessen) – opposed such efforts and highlighted that Movant's factual assertions were unsubstantiated and without merit (for example, relying upon a years old "appraisal" for the Property), and that Movant's objections equally failed under controlling law (which Movant grossly misconstrued in its presentation to the Court). The Court rejected Movant's objections and granted all relief that the Debtor had requested.

6. Specifically, at a hearing held on June 22, 2021, the Court entered four orders (collectively, the "Subject Orders"), as follows:

   (a) Order Authorizing (1) Assumption of Pre-Petition Purchase and Sale Agreement, as Amended, and Real Estate Broker Agreement, as Amended, in Connection Therewith and (2) Sale of Debtor's Real Property Pursuant to Bankruptcy Code Sections 363(b), (f) and (m) and (2) Rejection of Nonresidential Lease Ancillary Thereto Pursuant to Section 365(b) of the Bankruptcy Code ("Sale Order", ECF 72);

   (b) Order Approving Debtor's Motion for Approval of Settlement Agreement with CPIF Lending, LLC, Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("CPIF Compromise Order", ECF 73);

   (c) Order Approving Debtor's Motion for Approval of Settlement Agreement, as Amended, with Old Republic National Title Insurance Company Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (ECF 74); and

   (d) Order Authorizing the Employment Of Hahn & Hessen LLP As Special Litigation Counsel To The Debtor (ECF 76).[1]

Movant later unsuccessfully opposed the retention of Thompson Coburn Hahn & Hessen, taking a second bite at seeking to strip the Debtor of its longtime counsel. Movant also filed a motion to remand its adversary proceeding against the Debtor (*See In re Suffern Partners LLC*, 21 adv. 7027, ECF 10), despite having consented to this Court's jurisdiction to determine the claims Movant asserted in the adversary proceeding by filing proofs of those very same "claims" in the Chapter 11 matter.

7. Lastly, Movant only filed this Motion for conversion *after* the Debtor filed its proposed Plan – a clear attempt to undermine or impair the disposition of the Debtor's confirmable Plan without addressing the merits. For these and all of the reasons set forth below, the Court, respectfully, should deny the Motion and allow the case to continue under Chapter 11.

---

[1] Movant filed notices of appeal for each of the Subject Orders, but, significantly, did not seek a stay. Accordingly, the Debtor closed on the sale of the Property on July 15, 2021.

**A. Movant's Motive in Seeking Conversion Is Self-Serving and Confers No Benefit on Creditors or the Estate**

8.  Movant has already twice failed to strip the Debtor of its longtime counsel. Movant now attempts to pull an "end run" around the Court's prior Orders approving the Thompson Coburn Hahn & Hessen attorneys by procuring the appointment of a Chapter 7 Trustee through conversation. This, clearly, is not a proper basis for conversion.

9.  The motion reflects a bad-faith litigation tactic which, if permitted, would cause undue delay, unnecessary cost, and possibly further harm to the creditors and estate if the Debtor's objections to Movant's specious "claims" are not prosecuted as vigorously by a Chapter 7 Trustee.

10. Movant's request for conversion is wholly self-serving, and clearly not in the interests of any of the Debtor's legitimate creditors.

**B. Debtor Is Diligently Prosecuting Objections to Claims and All Estate Causes of Action**

11. Contrary to Movant's unsupported accusations, Debtor has fully identified and disclosed, in its filed Schedules of Assets and Liabilities (ECF 1), all disputed claims and potential estate causes of action. Debtor has also been diligent in its administration of the estate, including having already filed:

> (a) objections to all disputed claims, including those of the Movant (ECF 128), Continental Kosher Catering, Inc. (ECF 80), and other disputed claims pursuant to an omnibus objection (ECF 111); and
>
> (b) an adversary proceeding against North 14th Street Realty Associates, seeking to recover for the estate the benefit said defendant derived from the CPIF Compromise Order without offering any contribution to the estate (ECF 130).

As such, Movant's arguments that the Debtor may choose to not pursue certain estate assets is entirely misplaced.

12. Debtor and its counsel have reviewed all of the filed claims and supporting documentation, and believe all of the other claims not objected to by the Debtor are legitimate,

allowable claims against the Debtor. To the contrary, if Movant or other creditors wish to object to any other filed claims, they are free to do so under Section 502(a) of the Bankruptcy Code. Conversion is not necessary for that purpose.

13. Accordingly, Movant's unsupported assertion that Debtor is somehow not fulfilling its fiduciary duties with respect to claims and estate causes of action is simply meritless.

### C. The Debtor Has Filed a Confirmable Chapter 11 Plan

14. The Debtor's proposed Plan (ECF 98) provides for the most efficient form of distribution of estate assets, as permitted and which is preferable under the Bankruptcy Code given all circumstances.

15. Movant incorrectly argues that a liquidating plan is not permissible under the Bankruptcy Code because it by definition is not "rehabilitative" in nature. Such a hyper-technical reading of the Bankruptcy Code is simply unsupported. Liquidating plans are routinely confirmed by the bankruptcy courts. *See, e.g., In re Ionosphere Clubs, Inc.*, 184 B.R. 648, 654 (S.D.N.Y. 1995) ("A chapter 11 liquidation plan is permissible even though its basic premise is not to rehabilitate the bankrupt entity."); *In re Fairmont Communications*, No. 92-B-44861 (JLG), 1993 WL 428710, at (S.D.N.Y. Bankr. Oct. 12, 1993); *In re Thomson McKinnon Secs., Inc.*, 126 B.R. 833, 836 (S.D.N.Y. Bankr. 1991); *In re PC Liquidation Corp.*, 383 B.R. 856, 866 (E.D.N.Y. 2008) ("While the primary purpose of Chapter 11 is reorganization, liquidation is not prohibited. Reorganization encompasses rehabilitation and may include liquidation.").

16. Moreover, Section 1123(b)(4) expressly provides for the sale of all of the property of the estate, as well as the distribution of the proceeds of such sales to creditors, by means of a liquidating plan. *See* 11 U.S.C. § 1123(b)(4); *see also In re Fairmont Communications*, 92 B 44861, 1993 WL 428710, *5 (S.D.N.Y. Bankr. Oct. 12, 1993) (plan provided for orderly

6

liquidation under Chapter 11); *In re Thomson McKinnon Securities, Inc.*, 126 B.R. 833, 836 (S.D.N.Y. Bankr. 1991) (Chapter 11 liquidation case).

17.   Movant's argument that a liquidating plan can never be "rehabilitative" and thus compels conversion is simply not supported by law.

### D. Movant Has Offered no Evidence of Fraud or Mismanagement

18.   Movant's suggestions that there has or will be mismanagement by the Debtor are equally unavailing.

19.   The Debtor has actually *saved* the estate millions of dollars during the Chapter 11 case as a result of the CPIF Compromise Order and the resulting $8 million-plus discount achieved post-petition.

20.   The Debtor submits that, in addition to the customary Chapter 11 fees being incurred by the estate (no different than any other Chapter 11 case), the majority of the other administrative fees being incurred are a direct consequence of Movant's "scorched earth" litigation strategy, including multiple objections that led to contested hearings, as well as motion and appellate practice, at virtually every step of the bankruptcy.

21.   As such, to the extent Movant argues that there has been any material losses to the estate arising from accruing professional fees, those fees are, ironically, a direct consequence of Movant's *own* bad faith and litigious conduct.

### E. Movant's Allegation of Special Counsel's "Conflict of Interest" Has no Merit

22.   Movant – as unsuccessfully argued *twice* already before this Court – continues to maintain that the Thompson Coburn Hahn & Hessen attorneys have some unexplained conflict of interest that somehow affects the Debtor acting in a fiduciary capacity.

23. In addition to the reasons already given by the Court in finding no such conflict exists and approving the retentions, Debtor submits that Movant's true motive is, once again, to prevent Debtor from retaining control over the litigation of Movant's meritless adversary proceeding "claims," in the hopes that a more sympathetic Chapter 7 Trustee will be put in place. After having already cycled through a ***dozen*** different attorneys in pursuing their three-year litigation campaign against the Debtor, Movant and its affiliates now make a desperate, bad-faith application to convert in the hopes of indirectly disqualifying the Debtor's most capable and knowledgeable special counsel. The request to convert solely for Movant's intended tactical or litigation advantage is in bad faith, and should be rejected outright by the Court.[2]

## LEGAL ARGUMENT

24. The Motion fails under controlling law. There is absolutely no cause to convert based on a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," and conversion or dismissal would not be in the best interests of creditors and the estate. *See* 11 U.S.C. § 1112(b)(l), (4)(A). Moreover, conversion to Chapter 7 would significantly delay and decrease the distributions available from the estate to creditors, as it would add another layer of administrative expenses and time delay.

25. Subject to certain inapplicable exceptions, Section 1121(b)(1) provides that a court shall dismiss a case under Chapter 11 or convert the case to one under Chapter 7, whichever is in the best interests of the creditors and the estate, if the movant establishes "cause." *See* 11 U.S.C. § 1121(b)(1). The moving party bears the burden of demonstrating such "cause" by a

---

[2] Movant's present counsel that is responsible for filing the Motion, Locke Lord, recently advised that they intend to seek leave to withdraw as counsel (*see* ECF 133). As noted, they are the *twelfth* law firm to represent Movant and its affiliates. Locke Lord took on the representation of Movant with eyes wide open, and pursued the litigation strategy to file the multitude of wasteful applications that have burdened the estate with unnecessary cost and all to the detriment of legitimate creditors. In addition to the costs and sanctions sought herein, Debtor reserves all rights to seek additional costs and sanctions against the Locke Lord firm and to oppose any application for leave to withdraw.

8

preponderance of the evidence. *In re BH S&B Holdings*, LLC, 439 B.R. 342, 346 (S.D.N.Y. Bankr. 2010) (citing *In re Loco Realty Corp.*, No. 09-11785 (AJG), 2009 WL 2883050, at *2, 2009 Bankr. LEXIS 1724, at *5 (S.D.N.Y. Bankr. June 25, 2009)).

26. Unique to a conversion analysis is the ground set forth in Section 1112(b)(4)(A) that: (1) the estate is suffering a substantial or continuing loss or diminution; and (2) there is an absence of a reasonable likelihood of rehabilitation. Both prongs must be satisfied in order to find "cause" under this subsection. *See In re BH S & B Holdings, LLC*, 439 B.R. 342, 346 (S.D.N.Y. Bankr. 2010) ("A party seeking to demonstrate cause under section 1112(b)(4)(A) must establish both the 'substantial or continuing loss' prong as well as the absence of a reasonable likelihood of rehabilitation prong."); *In re Sillerman*, 605 B.R. 631 (S.D.N.Y. Bankr. 2019).

27. Where "cause" is demonstrated by a preponderance of the evidence, the court must still then consider whether conversion is in the best interests of the creditors and the estate. *See In re The 1031 Tax Grp.*, LLC, 374 B.R. 78, 93 (S.D.N.Y. Bankr. 2007) ("The moving parties have failed to establish that cause' exists for the appointment of a trustee. Even if such "cause" does exist the Court finds that conversion is not in the estates' or the creditors' best interest."); *see also Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.)*, 14 F.3d 240, 242 (4th Cir. 1994). Those considerations include whether a Chapter 7 trustee would have the ability to reach assets for the benefit of creditors, and whether conversion would maximize the estate's value. *See id.*; *see also In re C-TC 9th Avenue Partnership*, 113 F.3d 1304, 1311 (2d Cir. 1997); *In re Micro-Acoustics Corp.*, 49 B.R. 630, 631-32 (S.D.N.Y. 1985)). A bankruptcy judge has wide discretion to determine whether the requisite cause exists to convert or dismiss a Chapter 11 case. *See, e.g., In re Ancona*, No. 14-10532 (MKV), 2016 WL 7868696, at *3 (S.D.N.Y. Bankr. Nov. 30, 2016) ("Even if a court finds that "cause" exists, the court is not obligated to convert the

case, as the decision remains within the court's broad discretion."); *In re Roma Group, Inc.* 165 B.R. 779, 781 (S.D.N.Y 1994).

### There is No Cause for Conversion to Chapter 7

28. Movant does not meet its burden to establish any "cause" for conversion.

29. First, there has been no continuing loss or diminution to the estate. Movant's only proffered factual showing in this regard is a concern of continuing professional fees. But "[t]he fact that there is a continuing loss to the estate, due to the mounting administrative costs and the lack of any new business entering the estate, is insufficient to establish "cause" within the meaning of § 1112(b)." *In re The 1031 Tax Grp.*, LLC, 374 B.R. 78, 93 (S.D.N.Y. Bankr. 2007).

30. Second, "rehabilitation" within the meaning of the Bankruptcy Code is fully achievable in this Chapter 11 case. *See, e.g., In re PC Liquidation Corp.*, 383 B.R. at 866 ("While the primary purpose of Chapter 11 is reorganization, liquidation is not prohibited. Reorganization encompasses rehabilitation and may include liquidation."). Indeed, the Plan will likely provide a 100% return to all allowed creditors, *provided the Debtor is allowed to remain in Chapter 11*. The Plan is sufficient for a reasonable likelihood of reorganization and is permissible and confirmable.

### Conversion is Not in the Best Interests of the Estate and Creditors

31. In addition to the absence of any "cause" under Bankruptcy Code § 1112(b), conversion would not be in the best interests of the estate and creditors. To the contrary, conversion and the resulting appointment of a Chapter 7 trustee will result in a substantial increase in administrative expense, resulting in a diminution to the estate and decrease in distributions to available to creditors.

32. As nearly $9 million has already been marshalled in this estate (*see* ECF 126, ¶ 3), appointment of a Chapter 7 Trustee would incur commissions alone of some $270,000. *See* 11 U.S.C § 326(a) (allowing trustee commissions not to exceed 3 percent of such moneys in excess

10

of $1,000,000). Additionally, the Chapter 7 Trustee would likely employ, *inter alia*, their own attorneys and accountant. Newly retained individuals would need to expend a tremendous amount of time to digest and understand the multi-year litigation history that the Debtor has endured before it could undertake the necessary task of opposing Movant's continued fight against the estate. All of those costs are wholly avoidable with the case remaining in Chapter 11, and to date such costs have been minimized given the historical knowledge and resulting efficiencies that the Debtor's principal and longtime counsel have and can continue to provide for the benefit of the estate and its creditors.

33. Movant's additional arguments are unsubstantiated and do not support conversion to Chapter 7. There has been no "abuse of process" during the administration of the Debtor's case. Debtor has never been engaged in misconduct or wrongdoing, has never filed for any other bankruptcy protection, and to the contrary, its filing successfully sought and obtained an orderly sale of the Property. Debtor has continued to be exceptionally proactive in properly pursuing the bankruptcy process, including by proposing the Plan, objecting to disputed and baseless claims (including Movant's), and marching toward a quick confirmation and distributions. Movant makes absolutely no showing of any "abuse of process." *See, e.g., In re Greene*, 103 B.R. 83, 89 (S.D.N.Y. 1989) ("The decision as to whether the bankruptcy court should exercise its authority under 11 U.S.C. § 105(a) in a given case is committed to the sound discretion of that forum, which is in the best position to evaluate the various aspects and subtleties of the pending proceeding.").

34. Very simply, conversion of this case would only diminish the estate's value and would substantially erode and delay a recovery for the creditors. Conversion is therefore not in the interests of anyone other than Movant, who is, at best, a disputed creditor (and, notably, whose "claims" were rejected during a prior bankruptcy of one of its affiliated entities).

11

*Conversion for Movant's Own Self-Serving and Strategic Litigation Reasons is Not Supported*

35. A motion to convert for solely self-serving, strategic litigation reasons is not supported by law. As was aptly stated by another Bankruptcy Court that considered and rejected a similar conversion motion:

> Gunster's motivation in prosecuting the Motion to Convert appears to be a litigation tactic. The relief sought in the Motion to Convert does not seek to maximize recovery by the estate; rather, Gunster's motivation is to reduce or eliminate its exposure in the case or, at a minimum, to delay or disrupt the Adversary Proceeding.
>
> * * *
>
> The sole basis for Gunster's assertion of party-in-interest status in the Debtor's main case is a litigation tactic to delay and hinder prosecution of the Adversary Proceeding with the ultimate goal to reduce the estate's recovery in connection therewith.

*In re E.S. Bankest, L.C.*, 321 B.R. 590, 594-596 (S.D. Fla. Bankr. 2005).

36. Movant's request for conversion is an equally brazen litigation tactic, designed to delay and hinder the removed adversary proceeding and Debtor's pending objections to Movant's "claims." The Motion is but one of many tactics that Movant's already have employed in the never-ending campaign of intense litigation against the Debtor, both pre-petition and post-petition. Movant's own conduct demands that the request for conversion be denied.

*Request for Sanctions Pursuant to 28 U.S.C. Section 1927 and Other Applicable Law*

37. "[I]t has long been recognized that a bankruptcy court, like all federal courts, has the inherent authority to supervise the proceedings that take place before it. This authority includes the ability to impose sanctions on parties and professionals that appear before it." *In re Khan*, 488 B.R. 515, 528 (E.D.N.Y. Bankr. 2013), *aff'd sub nom.*, *Dahiya v. Kramer*, No. 13-CV-3079 DLI, 2014 WL 1278131 (E.D.N.Y. Mar. 27, 2014), *aff'd sub nom.*, *In re Khan*, 593 F. App'x 83 (2d Cir. 2015).

12

38.     28 U.S.C. §1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Federal Rule of Civil Procedure 11 permits similar costs and sanctions against a litigant upon an opportunity to be heard.[3]

39.     The Motion seeking conversion reflects an abuse of process, designed solely to delay, frustrate, and increase the estate's costs, to the detriment of its creditors and solely for the Movant's own self-serving hope of a litigation advantage. Movant and its counsel – now the twelfth in some three years – should not be permitted to continue abusing the Court process without repercussions. Sanctions and costs should be assessed as an appropriate deterrent, and to ensure that Movant and its counsel consider the consequences and costs that are incurred as a direct result of their spurious actions before prosecuting further wasteful applications. *See, e.g. In re Cohoes Industrial Terminal, Inc.*, 931 F.2d 222, 230 (2d Cir. 1991) ("[a] bankruptcy court may impose sanctions pursuant to 28 U.S.C. § 1927 if it finds that '[an] attorney's actions are so completely without merit as to require the conclusion that they must have been taken for some improper purpose such as delay.' "); *In re French Bourekas Inc.*, 195 B.R. 19 (S.D.N.Y. 1996) ("The purpose of 28 U.S.C. § 1927 is to deter unnecessary delays in litigation.).

40.     In addition to denying the Motion, the Debtor requests that the Court consider imposing sanctions against Movant and its counsel pursuant to 28 U.S.C. §1927 and Rule 11.

---

[3] On August 6, 2021, after Movant's counsel declared in open Court it was going to file the Motion, Debtor's counsel sent a safe harbor email to counsel for Movant requesting Movant to not file the Motion. The Debtor admittedly is not moving under Rule 11 here so as to avoid any further delay in waiting to see if the Motion would be withdrawn by Movant. Given Movant's current alleged lack of communication with the Locke Lord firm, such delay would almost certainly ensue, further delaying the Debtor's efforts to confirm the Plan.

13

**CONCLUSION**

For the foregoing reasons, the Debtor respectfully requests that the Court deny the Motion in its entirety with prejudice, award sanctions under 28 U.S.C. section 1927 and grant such other and further relief as the Court deems just and proper.

Dated: August 23, 2021
       White Plains, New York

                                      Respectfully,

                                      DAVIDOFF HUTCHER & CITRON LLP
                                      *Attorneys for the Debtor*
                                      120 Bloomingdale Road, Suite 100
                                      White Plains, New York 10605
                                      (914) 381-7400

                                      *By: /s/ Jonathan S. Pasternak*
                                      Jonathan S. Pasternak, Esq.
                                      Robert L. Rattet, Esq.