ALTER & BRESCIA, LLP
399 Knollwood Road, Suite 205
White Plains, New York 10603
(914) 670-0030
Bruce R. Alter, Esq.
Dana Brescia, Esq.
altergold@aol.com

Hearing Date:
September 2, 2021 @ 2:00 p.m.

*Counsel to DG Realty Management, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SUFFERN PARTNERS LLC,<br><br>                                                    Debtor. | Chapter 11<br><br>Case No. 21-22280 (SHL) |

**DG REALTY MANAGEMENT, LLC'S JOINDER
AND STATEMENT IN OPPOSITION TO THE
MOTION OF RS OLD MILLS RD, LLC TO
CONVERT DEBTOR'S CHAPTER 11 CASE
TO A CHAPTER 7 CASE**

TO: THE HONORABLE SEAN H. LANE
   UNITED STATES BANKRUPTCY JUDGE

DG Realty Management, LLC ("DG"), the largest unsecured creditor of the above-captioned debtor (the "Debtor"), hereby submits its joinder and statement in opposition to the motion of RS Old Mills RD, LLC ("RD") to convert debtor's Chapter 11 case to a Chapter 7 case. In opposition to the conversion motion, DG states as follows:

1.   On or about December 10, 2018, DG and the Debtor entered into a Line of Credit Loan Agreement in the principal sum of up to $5,000,000 (the "Loan").

2.   The entire Loan facility was advanced to and exhausted by the Debtor prior to the

Chapter 11 case. The Debtor's members at the time also pledged their membership interest in the Debtor to secure the Loan and additionally gave DG an equity "kicker" in consideration for making the loan.

3. DG made the Loan in order for the Debtor to have working capital to maintain and upkeep the Debtor's real property located at 25 Old Mill Road, Town of Ramapo, Village of Suffern, and 19 Hemion Road in the Village of Suffern, New York (the "Property").

4. As of May 16, 2021 (the "Petition Date"), the amount owing to DG under the Loan, inclusive of interest, is no less than $5,066,834.03.

5. DG timely filed its proof of claim in this Chapter 11 proceeding on July 22, 2021, in the amount of $5,066,834.03. DG's claim was assigned claim number 15 on the official claims register.

6. DG's claim was also set forth in Debtor's schedules, filed in this case as an uncontested General Unsecured Claim. Debtor's officer, in testimony at the Section 341 hearing, advised that the Debtor fully recognizes the legitimacy of DG's proof of claim and has no intention of objecting to such claim.

7. DG is clearly the largest general unsecured creditor in this Chapter 11 case. The Debtor in its Plan Distribution Analysis annexed to the proposed Disclosure Statement filed by the Debtor estimates Allowed Unsecured Claims at $7,365,000. Since DG's claim is $5,066,834.03, such claim represents 68.79% of the Allowed General Unsecured Claim creditor body.

8. Therefore DG has the biggest stake in maximizing recovery for the General Unsecured Creditors and bears the biggest burden of additional administrative expenses and delay that would result from a conversion to Chapter 7.

9. Debtor has already filed a Plan and Disclosure Statement which provides 100% payment to Allowed General Unsecured creditors and seeks to confirm its Plan in early October. Since the funds needed to confirm the Plan now are already being held in escrow by counsel for Debtor as proposed disbursing agent, there is no reason why distribution to allowed unsecured creditors could not be accomplished in a short period of time.

10. The objection to the pending motion to convert goes into detail as to additional administrative expenses which a Chapter 7 conversion would generate. DG reiterates such contentions and feels it unfair to burden it, as the largest unsecured creditor, with such layer of fees and expenses based on accusations of improprieties by Debtor, which are unspecified, unsupported by any facts and to the best of DG's knowledge untrue.

11. It appears that Debtor has done everything expected of a Chapter 11 Debtor, and has done so in an expeditious and successful fashion. It has succeeded in obtaining Court approval to the sale of its property, to the reduction of its secured debt, to the settlement of multiple claims and to the filing of its Plan and Disclosure Statement all within a matter of approximately 90 days. This has been a successful Chapter 11 proceeding, and from the creditor's point of view a fast paced resolution.

12. DG sees no cause for conversion. Moreover DG sees no reason why it and the other unsecured creditors must face delays of an unspecified duration as well as the administrative expenses to be incurred by a trustee and a trustee's professionals. There is no logical reason why converting the successful Chapter 11 proceeding would be in the best interest of creditors and would certainly not be in the best interest of DG.

13. For the reason stated DG joins in the objection filed by the Debtor to the motion of RS Old Mills RD, LLC seeking entry of an order converting the Debtor's Chapter 11 case to Chapter

7 pursuant to 11 U.S.C. § 1112(b).

**WHEREFORE:** DG respectfully requests the Court deny the Motion To Convert To Chapter 7 and requests such other relief as may be just and proper.

Dated: August \_\_\_\_, 2021

**ALTER & BRESCIA, LLP**
**Attorneys for DG Realty Management, LLC**
**399 Knollwood Road, Suite 205**
**White Plains, New York 10603**
**(914) 670-0030**


By: */s/ Bruce R. Alter*
    Bruce R. Alter, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2021, I caused a true and correct copy of *DG Realty Management, LLC's Joinder And Statement In Opposition to The Motion Of RS Old Mills RD, LLC To Convert Debtor's Chapter 11 Case To A Chapter 7 Case* to be filed and served through ECF notification upon all parties who receive notice in this matter pursuant to the Court's EF filing system.

/s/ Bruce R. Alter
Bruce R. Alter