**MORITT HOCK & HAMROFF LLP**
400 Garden City Plaza
Garden City, New York 11530
*Counsel to ADT Commercial d/b/a Red Hawk Fire & Security*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x
In re:                                :    Chapter 11
                                      :
SUFFERN PARTNERS LLC,                 :    Case No.: 21-22280 (SHL)
                                      :
                           Debtor.    :
                                      :
------------------------------------- x

### RESPONSE IN OPPOSITION TO SUFFERN PARTNERS LLC'S OBJECTION TO CLAIM NO. 1 FILED BY ADT COMMERCIAL D/B/A RED HAWK FIRE & SECURITY

ADT Commercial d/b/a Red Hawk Fire & Security ("ADT"), by and through its undersigned counsel, responds in opposition (this "Response") to Debtors' First Omnibus Objection to and/or Reducing Certain Filed Claims and Estimating Such Claims for Purposes of Voting on Proposed Plan of Reorganization ("1st Omnibus Objection") and states as follows:

### CLAIMANT AND EXPLANATION OF CLAIMS

1.   On May 17, 2021, ADT filed Proof of Claim No. 1 in the amount of $28,199.10 (the "Claim") for prepetition goods sold and services.

2.   In the 1st Omnibus Objection, the Debtor objected to the Claim and asserted that the Claim should be expunged as a general unsecured claim. [Docket 111, Paragraphs 8 through 13].

### STATEMENT IN OPPOSITION OF OMNIBUS OBJECTION

3.   ADT timely filed the Claim and attached all related invoices. See Claim, No. 1.

2696027v2

    4.     Debtor purchased the property ("Property") located at 25 Old Mill Road, Town of Ramapo, Village of Suffern, in 2017 [Docket 3, Declaration of Isaac Lefkowitz Pursuant to Local Bankruptcy Rule 1007-2, Paragraph 2].

    5.     On or around February 22, 2018, Debtor and ADT entered into a contract ("Contract") pursuant to which ADT provided sprinkler and alarm services ("Services") to the Property. A true and correct copy of relevant pages of the Contract is attached hereto as Exhibit "A."

    6.     Debtor made several payments to ADT under the Contract, but stopped paying in mid-2018.

    7.     ADT continued to provide Service to the Property until May 31, 2020.

    8.     Records of the fire coordinator for the Rockland County Office of Fire and Emergency Services will indicate that ADT was the provider of Services to the Property through at least that date. Fire and security alarm providers are required to register with the fire control centers county offices because nationwide such systems are inspected, regulated, and monitored by local first responders.

    9.     Debtor failed to pay for Service as outlined in the Claim.

    10.    Once the Claim was filed, the burden shifts to Debtor to overcome the Claim's prima facie evidence of validity. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("A proof of claim is prima facie evidence of the validity and amount of a claim, and the objector bears the initial burden of persuasion. The burden then shifts to the claimant if the objector produces evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."); *In re Adelphia Communs. Corp.*, Case No. 02-41729, 2007 WL 601452, *5 (Bankr. S.D.N.Y. Feb. 20, 2007)

2696027v2

("Because a properly filed proof of claim is deemed allowed until objected to, such allowance compels the objecting party to go forward and produce sufficient evidence to rebut the claimant's prima facie case."); *In re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009) (holding that the burden of proof rests with the objecting party until "the objector produces evidence equal in force to the prima facie case ... which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.") (citation omitted). Only when sufficient evidence is produced to negate the prima facie validity of a properly filed claim does the burden shift back to the creditor to establish by a preponderance of the evidence that the claim is valid. *In re Oneida Ltd.*, 400 B.R. at 389; *In re DJK Residential LLC*, 416 B.R. at 104.

11.     Debtor has produced no evidence that the Claim is legally insufficient. Instead, Debtor summarily claimed that the Claim does not show in its books and records and should be expunged in its entirety. By making nothing more than a conclusory objection and offering no factual evidence or legal argument to refute the validity or amount of the Claim, the Debtor has not carried its burden in disputing the prima facie validity of the Claim. Accordingly, the Objection is insufficient to overcome the prima facie validity of the Claim and should be overruled, and the Claim should be allowed in full.

## RESERVATION OF RIGHTS

12.     ADT hereby expressly reserves all of its rights, claims, counterclaims, defenses and remedies, including but not limited to the rights of setoff and/or recoupment, under the Bankruptcy Code and applicable non-bankruptcy law. ADT also reserves the right to amend, modify or supplement this Response.

2696027v2

## CONCLUSION

WHEREFORE, ADT requests entry of an order denying Debtor's objections to the Claim and all other just and proper relief.

Dated:  Garden City, New York
August 26, 2021

MORITT HOCK & HAMROFF LLP

By: s/Leslie A. Berkoff
Leslie A. Berkoff
400 Garden City Plaza
Garden City, New York 11530
Telephone No.: 516-873-2000
Email: lberkoff@moritthock.com

2696027v2