UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SUFFERN PARTNERS LLC<br><br>　　　　　　　Debtor. | Chapter 11<br><br>Case No. 21-22280 (SHL) |
| RS OLD MILLS RD, LLC,<br><br>　　　　　　　Plaintiff,<br><br>-against-<br><br>SUFFERN PARTNERS LLC,<br><br>　　　　　　　Defendant. | A.P. No. 21-7027 (SHL) |

**DECLARATION OF STEPHEN J. GRABLE TO SUPPLEMENT RECORD
CONCERNING SANCTIONABLE AND BAD-FAITH CONDUCT
OF PURPORTED "CREDITOR" RS OLD MILLS RD, LLC**

　　Stephen J. Grable respectfully declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

　　1.　　I am a partner at Thompson Coburn Hahn & Hessen LLP, special counsel to Debtor Suffern Partners LLC ("Debtor"). I respectfully submit this Declaration to supplement the record on multiple applications now pending in the Chapter 11 main case, and also the related Adversary Proceeding, concerning alleged "creditor" RS Old Mills Rd, LLC ("RD").

**OVERVIEW**

　　2.　　RD has sanctionably wreaked havoc on this estate. RD purports to be a "creditor" having a $30 million claim against the estate, and as such has filed a bevy of objections, applications, and claims herein. After RD's principal and 100% member – Avrohom Kaufman – could no longer further delay and evade being deposed, based upon

his testimony given on August 24, 2021 (the "Deposition"), it is now crystal clear that RD has absolutely no legitimate claim against this estate. A copy of the Deposition transcript is attached hereto as Exhibit A.

### RD'S TESTIMONY

3. At the Deposition, Mr. Kaufman had no recall or knowledge of having even signed and filed RD's two separate proofs of claim herein less than a month ago. Those proofs of claim – submitted under penalty of perjury – provide the threshold basis for RD's purported standing as a creditor herein and its many filings that have flowed in these proceedings. As Mr. Kaufman's testimony now confirms, RD's claims are without any support or even a reasonable belief that they are true and correct.

4. At the Deposition, Mr. Kaufman testified a total of *127 times* that he could not remember, did not recall, or otherwise did not know concerning, among other things, RD's acquisition of the Debtor's property in September 2017, RD's transfer of that property to Debtor that RD sought to rescind, that RD claims it is owed $30 million from Debtor related to that property, who any of the attorneys are that RD has worked with over the last three years, and a litany of similar topics. In short, Mr. Kaufman could not identify a single basis for RD's claims against the estate. For example, as to Mr. Kaufman not recalling that he signed and submitted RD's two proofs of claim herein less than a month ago:

> Q. [By Mr. Grable:] Do you have any knowledge concerning RD's allegations against Suffern Partners, LLC?
> A. [By Avrohom Kaufman:] As I told you, I cannot explain.
>
> ***
>
> Q. Do you recall signing proofs of claim to be filed in the Suffern bankruptcy case on RD's behalf?
> A. I told you I don't remember …
> Q. You don't recall submitting a proof of claim for $30 million in the Suffern bankruptcy case?

2

> A. I don't remember details now.
>
> ***
>
> Q. Less than a month ago a proof of claim was filed on behalf of RD in the Suffern bankruptcy case. Are you aware of that?
> A. I told you at the moment I don't remember details …
> Q. You have no knowledge concerning whether RD filed a proof of claim in the Suffern Partners bankruptcy proceeding?
> A. I don't remember details now.

*See* Ex. A, pp. 54:4-8, 122:15-25, 123:1-124:1.

5. RD's proofs of claim have, to date, provided RD with a platform to force the Debtor, its estate and creditors, and also the Court and its personnel, to endure a gross waste of time, energy, and resources. Specifically, at this time there are three pending motions due to RD's wasteful actions:

   (a) Chapter 11 – RD Motion to Convert the Chapter 11 Case to Chapter 7 Returnable September 2, 2021 (*see* ECF 126);

   (b) Adversary Proceeding – RD Motion to Remand Removed Civil Action Returnable September 2, 2021 (*see* ECF 10); and

   (c) Chapter 11 – Objections to RD's Proofs of Claim Nos. 18 & 19 Returnable September 30, 2021 (*see* ECF 128).

6. In addition to these motions, RD also pursued the following unsuccessful filings in the Chapter 11 proceeding:

   (a) Objection to Debtor's Motion to Sell Property (*see* ECF 46);

   (b) Objection to Debtor's Motion to Approve Compromise Between Debtor and its lender, CPIF Lending, LLC (*see* ECF 46);

   (c) Objection to Debtor's Motion to Employ Hahn & Hessen LLP (*see* ECF 60);

   (d) Objection to Debtor's Motion to Approve Compromise Between Debtor and Old Republic National Title Insurance Company (*see* ECF 62); and

      (e) Objection to Debtor's Motion to Employ Thompson Coburn Hahn & Hessen LLP (*see* ECF 88).[1]

All such motions, objections, and claims were filed by or in response to RD as a supposed "creditor" having an interest in this estate.

    7.    It is now clear from the Deposition that RD holds no legitimate claim and is merely a nominee or straw person for RS Old Mill, LLC, and that the Court can now apply the previous rulings of Judge Drain disallowing RD and said predecessor's claims against the Debtor by summary disposition.

    8.    Debtor respectfully requests that the Court review and consider the entirety of Mr. Kaufman's Deposition testimony in conjunction with the three pending motions. RD's conduct and the testimony of Mr. Kaufman evidence a willful disrespect for the Court process and rule of law.[2]

    **WHEREFORE,** for the reasons stated, Debtor respectfully requests that the Court take all actions and render such rulings as it deems appropriate.

Dated: New York, New York
       August 30, 2021

                                         s/Stephen J. Grable
                                         **STEPHEN J. GRABLE**

---

[1] Each such objection was overruled and denied on the merits. RD has filed Notices of Appeal from all objections other than the retention of Thompson Coburn Hahn & Hessen LLP (*see* ECF Nos. 83-88), thereby invoking the resources of the District Court as well based upon RD's baseless and untruthful proofs of claim.

[2] Debtor reserves all rights to seek sanctions, costs, and all other available relief against RD, Mr. Kaufman, and their counsel that enabled a misuse of the Court process, including a referral to the US Trustee's Office concerning RD's baseless proofs of claim.